IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CV-478-BO

| | | |
|---|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | O R D E R |
| VON DREHLE CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on Defendant von Drehle's Motion for Reconsideration [DE 241] and a Motion to Intervene as a Defendant filed by Myers Supply, Inc. [DE 246]. Plaintiff Georgia-Pacific has responded to the instant motions, von Drehle and Myers Supply have replied, and the matters are ripe for ruling. For the reasons discussed below, Defendant von Drehle's Motion for Reconsideration is denied, Myers Supply's Motion to Intervene is denied, and this matter will proceed to trial on the Court's November calendar.

## BACKGROUND

This matter has been before this Court in some manner for more than six years, and this Court has entered numerous orders recounting the specific facts and procedural posture of the case. Therefore, the Court hereby incorporates by reference the background and facts of this case enumerated in this Court's order entered March 21, 2011 [DE 238].

## DISCUSSION

### Motion to Reconsider

Defendant von Drehle (VD) asks that this Court reconsider its order of March 21, 2011, denying its request to amend its answer to assert preclusion defenses and to dismiss the

complaint based on issue and claim preclusion. VD seeks relief from the March 21, 2011, order under Rule 60(b) of the Federal Rules of Civil Procedure. F.R.C.P. 60(b) provides an avenue to seek relief from a final judgment, order, or proceeding. Relief under Rule 60(b) is only appropriate as to <u>final</u> orders, judgments, or proceedings; Rule 60(b) is not the appropriate basis on which to review an interlocutory order. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). Accordingly, this Court will construe VD's motion as one for reconsideration of an interlocutory order.

Motions for Reconsideration are allowed in "certain, limited circumstances," and it is within the discretion of the trial court to determine whether reconsideration of an interlocutory order is appropriate. *Wiseman v. First Citizens Bank & Trust Co,*, 215 F.R.D. 507 (W.D.N.C. 2003); *Webster Motor Car Co. v. Zell Motor Car Co.*, 234 F.2d 616 (4th Cir. 1956). Their purpose is to allow the Court "correct manifest errors of law or fact or to [consider] newly discovered evidence," and are improper if they serve merely to ask the Court "to rethink what the Court had already thought through-rightly or wrongly." *Harsco Corp. v. Zlotnicki*, 779 F. 2d 906, 909 (3rd Cir. 1985); *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983).

Here, VD has asserted that this Court's March 21, 2011, order was based on a mistaken understanding of legal standards [DE 242]. In its motion, however, it has failed to show that the basis of this Court's order is grounded in a mistake of law or fact. The standard for allowing or denying amendments to pleadings under F.R.C.P. 15 is clear: "[m]otions to amend are committed to the discretion of the trial court." *Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir. 1991)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Additionally, a Court may deny a

motion to amend for "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. ..." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

This Court acted appropriately and within its discretion to find that VD had unduly delayed and alternatively would prejudice Plaintiff if allowed to amend its answer at such a late stage in the proceedings. VD did in fact delay for sixteen (16) months from the date of the Arkansas decision before seeking to amend its pleadings, only moving to amend its answer (for a fourth time) after it had submitted an amended proposed pretrial order to the Court [DE 219]. Prejudice to Plaintiff would result if VD was allowed to amend its answer after six years of litigation, including an appeal to the Fourth Circuit Court of Appeals, and where the parties had indicated they were ready for trial. Accordingly, VD's Motion for Reconsideration is DENIED.

## Motion to Intervene

Also before the Court is a Motion to Intervene as a Defendant by Myers Supply, Inc. F.R.C.P. 24 provides the basis on which a party may seek to intervene in a lawsuit once it has been filed. Myers Supply, Inc. (Myers) seeks to intervene under Rule 24(a), which provides that intervention as of right shall be permitted under certain circumstances. F.R.C.P. 24(a). The party seeking to intervene must "show that (1) it has an interest in the subject matter of the action, (2) disposition of the action may practically impair or impede the movant's ability to protect that interest, and (3) that interest is not adequately represented by existing parties." *Newport News Shipping and Drydock Co. v. Penninsula Shipbuilders' Ass'n*, 646 F.2d 117 (4th Cir. 1981) (citing *Virginia v. Westinghouse Electric Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)).

3

Any application to intervene must also be timely, and the Court has wide discretion in deciding whether the timeliness requirement has been satisfied. *Brink v. DaLesio*, 667 F.2d 420, 428 (4th Cir. 1981); *see also Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989). In determining the timeliness of an application for intervention, the Court should consider "how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness for moving to intervene." *Gould*, 883 F.2d at 286 (citing *Commonwealth of Pa. v. Rizzo*, 530 F.2d 501, 506 (3rd Cir. 1976)).

Myers was aware of this action at least as early as 2008, when it filed its answer in a separate matter filed by Plaintiff Georgia-Pacific in the U.S. District Court for the District of Arkansas [DE 250-1]. Considering Myers' knowledge of this case for at least two years prior to its Motion to Intervene, in addition to the fact that this case has progressed over six years of extensive litigation to finally stand ready for trial, Myers' Motion to Intervene is undoubtedly tardy. *See Gould*, 883 F.2d at 286 (holding that two years of litigation and the finality of settlement negotiations was delay enough to find a motion to intervene tardy).

Although such gross delay is a sufficient basis for this Court to deny Myers' motion, the Court will go on to consider whether Myers fails to satisfy the remaining requirements of Rule 24(a) intervention. In addition to having a timely application, each of the requirements listed above must be satisfied for the Court to allow intervention. *Newport News Shipping and Drydock Co.*, 646 F.2d at 117. The crux of Myers' argument lies in the third requirement - that its interest is not, or no longer, adequately protected by Defendant VD.

In assessing whether VD continues to adequately represent the interests of Myers, the Court must consider whether Myers has the same ultimate goals in this case as VD. *Virginia v.*

4

*Westinghouse Electric Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). If the goals of VD and Myers are found to be the same, Myers must then "demonstrate adversity of interest, collusion, or nonfeasance" to overcome a finding that its interests are adequately represented by a party already in the suit. *Id.*

Myers seeks to defend against the claims of Plaintiff Georgia-Pacific by asserting the affirmative defenses of issue and claim preclusion based on the ruling of the Arkansas District Court [DE 246-1]. This is the identical posture sought by Defendant VD in its Motion to Amend and Motion for Reconsideration addressed above. Myers has offered nothing else to show that it has an interest that is otherwise unrepresented by Defendant VD; it appears to seek to intervene merely to be allowed an opportunity to re-litigate issues already decided by this Court.

Myers has not shown that its interests are adverse to VD, nor has is shown collusion between VD and Plaintiff Georgia-Pacific or nonfeasance on the part of any party. Further, counsel for Myers is identical to counsel for VD[1], indicating, if nothing else, that Myers would concede that the representation of VD's interests, which are identical to its own, has been adequate. *See Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 42 F.R.D. 406, 408 (S.D.N.Y. 1967) (holding that where counsel for intervenor and defendant are the same, and such counsel would make the same assertions on behalf of intervenor as it had for defendant, intervenor has conceded that the party defendant is well represented).

Myers has failed to timely make an application to intervene in addition to having failed to show that its interests are inadequately protected by VD. Accordingly, Myers' Motion to

---

[1] Counsel for both parties is listed in Court filings as follows: Michael P. Thomas of Hickory, N.C.; Albert P. Allan of Charlotte, N.C.; and Stephen L. Curry of Little Rock, Arkansas.

5

Intervene is denied.

## CONCLUSION

For the reasons discussed above, Defendant VD's Motion for Reconsideration is DENIED, the Motion to Intervene by Myers Supply, Inc. is DENIED, and this matter is hereby SET FOR TRIAL for the term of this Court beginning Monday, November 21, 2011.

SO ORDERED, this 20 day of September, 2011

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE