IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CV-478-BO

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP,<br>              Plaintiff,<br><br>v.<br><br>VON DREHLE CORPORATION,<br>              Defendant. | O R D E R |

This matter is before the Court on several motions filed by the parties following jury trial. For the reasons discussed below, Defendant von Drehle's Motion renewing its request for Judgment as a Matter of Law [DE 329] is granted. All other pending motions are denied as moot.

## BACKGROUND

This matter has been before the Court in some manner for nearly seven years, and the Court has entered numerous orders recounting the specific facts and procedural posture of the case. The Court hereby incorporates by reference the background and facts of this case enumerated in its order entered March 21, 2011 [DE 238]. Commencing January 4, 2012, this matter proceeded to jury trial at Elizabeth City, North Carolina. The jury returned a verdict in favor of Plaintiff on January 6, 2012, awarding $791,431 in damages [DE 319]. Defendant filed a timely motion pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, renewing its request for judgment as a matter of law made at trial.

## DISCUSSION

Rule 50(b) provides that if a court does not grant a motion for judgment as a matter of law made at trial, the court is "considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." F.R.Civ.P. 50(b). Judgment as a matter of law is appropriately entered when "a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party on [an] issue." F.R.Civ.P. 50(a)(1); *see also Int'l Ground Transp., Inc. v. Mayor & City Council of Ocean City*, 475 F.3d 214, 218 (4th Cir. 2007). A court applies the same standard when deciding a Rule 50(b) motion for judgment as a matter of law as it would when deciding a Rule 56 motion for summary judgment. *Dennis v. Columbia Colleton Medical Ctr., Inc.*, 290 F.3d 639, 644 (4th Cir. 2002). That is, a court must decide whether a jury, when viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor, could have reached the conclusion that was reached by this jury. *Id.* at 645.

At the heart of Defendant's motion is its contention that Plaintiff has brought several lawsuits in different United States District Courts against various defendants, at least some of whom are distributors of Defendant, alleging trademark infringement with regard to Plaintiff's *enMotion* paper towel dispensers. Defendant contends that each of these lawsuits involves the same activity at issue in the instant matter – namely, the "stuffing" of Plaintiff's *enMotion* dispensers with paper towels made by paper towel manufacturers other than Plaintiff. The question submitted to the jury in this case was whether "plaintiff established by a preponderance of the evidence that the defendant infringed on plaintiff's valid trademark" [DE 319]. The jury responded to this question in the affirmative. However, because another court had previously decided this same question in the negative, this Court now holds that Defendant should be

2

permitted to raise the affirmative defenses of claim and issue preclusion and that judgment as a matter of law is appropriate.

*Arkansas and Ohio Cases*

Prior to the commencement of trial, Defendant filed a second motion to amend its answer to include preclusion defenses and a renewed motion for summary judgment [DE 275 & 285]. The Court had earlier denied a similar request by Defendant that was based on a decision in the Western District of Arkansas. The Court's denial of Defendant's request was not on the merits of the underlying preclusion defense, but rather was due to Defendant's sixteen month delay in raising the issue of a preclusion defense and the potential for prejudice [DE 238]. The basis for Defendant's second motion to amend, however, is a decision from the Northern District of Ohio, entered just four days before Defendant moved again in this Court to amend its answer.

In a case involving Plaintiff and a distributor of Defendant, the Northern District of Ohio court held that Plaintiff had "fully and fairly litigated its claim in the Arkansas litigation that 'stuffing' its dispensers with competitors' replacement rolls violated its trademark and related and other claims" and that dismissal on the basis of issue preclusion was justified. *Georgia-Pacific Consumer Prods. LP v. Four-U Packaging, Inc.*, __ F.Supp.2d __, 2011 WL 5252626 (N.D.Ohio, November 4, 2011). The Northern District of Ohio decision is based on the Eighth Circuit's opinion affirming a Western District of Arkansas judgment that there is no likelihood of confusion, and therefore no trademark infringement, when Plaintiff's *enMotion* dispensers are stuffed with other manufacturer's paper towels. *Georgia-Pacific Consumer Prods. LP v. Myers*

3

*Supply, Inc.*, 621 F.3d 771 (8th Cir. 2010).[1]

*Claim and Issue Preclusion*

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies." *Montana v. United States*, 440 U.S. 147, 153 (1979) (internal quotation and citation omitted). The doctrine of res judicata bars "'repetitious suits involving the same cause of action' once 'a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, 131 S.Ct. 1723, 1730 (2011) (quoting *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948)). The doctrine of collateral estoppel provides that the actual and necessary determination of an issue by a court of competent jurisdiction is conclusive. *Montana*, 440 U.S. at 153. The doctrine of res judicata is an affirmative defense that is generally waived if not timely raised. F.R.Civ.P. 8(c); *Arizona v.*

---

[1] In a case filed in the Southern District of Ohio, the court determined that a similar case by Plaintiff against another of Defendant's distributors would not be barred by a preclusion defense. *Georgia-Pacific Consumer Prods. LP v. Superior Janitor Supply, Inc.*, 2011 WL 4002563 (S.D.Ohio, September 8, 2011). In that case, recognizing that it was making a "close call," the district court found that because there had been no finding as to the likelihood of confusion as to consumers in Ohio and Northern Kentucky or as to the defendant's intent in selecting the mark that issue preclusion was inapplicable. *Superior Janitor Supply*, 2011 WL 4002563, *4. The Southern District of Ohio litigation is currently stayed pending resolution in the Sixth Circuit of the appeal in the Northern District of Ohio case. *See* DE-67, 1:09-CV-323, United States District Court for the Southern District of Ohio.
    This Court finds more persuasive the reasoning of the Northern District of Ohio, and follows its application of a preclusion defense based on the Arkansas case here. This Court is also aware of an additional trademark infringement case filed by Plaintiff in the District of Nevada that is also currently stayed. *Georgia-Pacific Consumer Prods. LP v. Inland Supply Co., Inc.*, 3:09-CV-246, United States District Court for the District of Nevada.

4

*California*, 530 U.S. 392, 410 (2000).

*Timeliness of Preclusion Defenses*

As the Court has previously stated, the standard for allowing or denying amendments to pleadings under Rule 15 is clear: "[m]otions to amend are committed to the discretion of the trial court." *Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); F.R.Civ.P. 15. A court may deny a motion to amend for "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

Because Defendant promptly alerted the Court to the holding by the Northern District of Ohio, and because Defendant's actions do not evidence bad faith or dilatory motive, it is appropriately within the discretion of the Court to allow Defendant to amend its answer to include preclusion defenses. Alternatively, the Court recognizes that, under some circumstances, a court may raise a preclusion defense *sua sponte* and dismiss an action on its own motion. *Arizona*, 530 U.S. at 412. "This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting).

In light of the circumstances present in this case, which include several lawsuits filed by Plaintiff attempting to litigate the same core question, the Court finds on its own motion that a preclusion defense is appropriate in this matter. Accordingly, Defendant's defense of preclusion

based on the opinion of the Eighth Circuit Court of Appeals affirming the judgment entered in the Western District of Arkansas and the order issued in the Northern District of Ohio finding such judgments preclusive is properly before the Court for consideration.

*Claims and Issues in the Instant Matter*

As noted by the Fourth Circuit, all three of Plaintiff's claims in this matter, trademark infringement and unfair competition under the Lanham Act and unfair competition under North Carolina common law, are based on Defendant's conduct in expressly marketing its 810-B paper towels for the purpose of stuffing in Plaintiff's *enMotion* dispensers, and all three claims will rise and fall on whether Defendant is liable for contributory trademark infringement. *Georgia-Pacific Consumer Prods., LP v. von Drehle Corp.*, 618 F.3d 441, 450 (4th Cir. 2010). Defendant can only be liable for contributory trademark infringement if the stuffing of *enMotion* dispensers with 810-B paper towels by end-user customers constitutes direct trademark infringement. *Id.* at 451.

In order for Plaintiff to establish trademark infringement, Plaintiff must establish that (1) it possesses one or more trademarks; (2) that end-user customers used one or more of such trademarks; (3) in commerce; (4) in connection with the sale, offering for sale, distribution or advertising of goods; (5) in a manner likely to cause confusion to the relevant public. *Id.* (internal citations omitted). In reversing this Court's entry of summary judgment, the Fourth Circuit found that Plaintiff had satisfied the first, second, third, and fourth elements. *Id.* at 452. With regard to the fifth element, the Fourth Circuit held that Plaintiff had "proffered sufficient evidence for a reasonable jury to find likelihood of confusion among restroom visitors as to the source of paper toweling being dispensed from *enMotion* Dispensers when such dispensers are

6

stuffed with 810-B Toweling" and remanded the case for trial. *Id.* at 454.

## *Res Judicata*

The Fourth Circuit applies a three-element test to determine whether a claim is barred by the principles of res judicata: (1) whether the judgment in the prior action was final and on the merits; (2) whether the parties in the two actions are identical or in privity; and (3) whether the causes of action in the two suits are identical. *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004) (citation omitted). In determining whether the doctrine of res judicata applies, the court need not find that each of the claims asserted in each case are identical, but rather must determine whether the claims asserted in each case arise from the same transaction or core of operative facts. *Id.* at 355.

As to the first element, the judgment in the prior action in the Western District of Arkansas was entered following a bench trial and was both final and on the merits. Defendant has also satisfied the second element as the Plaintiffs in both actions are identical and Defendant in the Arkansas litigation, as a distributor of von Drehle, and Defendant in this action are in privity. With regard to the third element, which Plaintiff alleges has not been satisfied, it is clear to this Court that Plaintiff's claims against Defendant as well as Plaintiff's claims against Defendant's distributor in the Arkansas (and Northern District of Ohio) case arise from the same core of operative facts. Plaintiff's claims for trademark infringement and unfair competition in each of these cases rests on the "stuffing" of other manufacturer's paper towels into its *enMotion* paper towel dispenser and whether a likelihood of confusion results from such an act.

Prior to the jury verdict and entry of judgment in this case, the Western District of Arkansas court found, as a matter of fact following bench trial, that the stuffing of *enMotion*

7

dispensers with 810-B paper towels did not create a likelihood of confusion and that no trademark infringement had therefore occurred. *Myers Supply*, 621 F.3d at 777. Accordingly, the Court finds that Plaintiff's claim for trademark infringement, upon which its other claims rise or fall, is subject to an affirmative defense of res judicata by Defendant.

## *Collateral Estoppel*

Similarly, the doctrine of collateral estoppel, or issue preclusion, is established when (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue was actually determined in the prior proceeding; (3) the issue's determination was a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment is final and valid; and (5) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue. *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006) (internal citations omitted).

Defendant has also or alternatively satisfied the elements of an issue preclusion defense. The issue Defendant seeks to be precluded, whether "stuffing" of other manufacturer's paper towels in Plaintiff's *enMotion* dispensers constitutes trademark infringement, is identical to the issue previously litigated in Arkansas. The issue of trademark infringement was actually determined by the Arkansas court following a bench trial, and it was a critical and necessary part of the prior proceeding; indeed, Plaintiff's trademark infringement claim arguably provides the primary basis for each of these separate actions. The Arkansas judgment is final and valid, and Plaintiff had a full and fair opportunity to litigate the issue of trademark infringement in a bench trial on the merits. An affirmative defense of collateral estoppel with regard to Plaintiff's trademark infringement claim is therefore appropriate.

8

*Judgment as a Matter of Law based on Preclusion Defenses*

At bottom, the instant matter and the cases brought by Plaintiff in Arkansas and Ohio concern the same core of operative facts – the stuffing of *enMotion* paper towel dispensers with paper toweling made by other paper towel manufacturers – and the same issue of whether such practice infringes on Plaintiff's valid trademark. Accordingly, the Court finds that a preclusion defense based on the earlier judgment entered in the Western District of Arkansas, which was affirmed by the Eighth Circuit Court of Appeals and held to be preclusive in the Northern District of Ohio, is justified.

*Motion for New Trial*

Defendant moves in its Rule 50(b) motion in the alternative for a new trial. "If the court grants a renewed motion for judgment as a matter of law, it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed." F.R.Civ.P. 50(c)(1). A court should grant a motion for a new trial under circumstances in which it finds that the verdict is against the clear weight of the evidence, the verdict is based on false evidence, or if the verdict would result in a miscarriage of justice. *Columbia Colleton Medical Ctr.*, 290 F.3d at 650.

As this Court's entry of judgment as a matter of law is based on the determination that the doctrines of res judicata and collateral estoppel preclude Plaintiff's litigation of its claims against Defendant, a new trial would be unnecessary should the appellate court reverse or vacate this Court's finding on preclusion. Accordingly, Defendant's motion for a new trial is conditionally denied.

9

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment as a Matter of Law is GRANTED and Defendant's Motion for New Trial is conditionally DENIED. The jury verdict entered in this matter on January 6, 2012, in favor of Plaintiff is hereby SET ASIDE and judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure is entered in favor of the Defendant. The Clerk is DIRECTED to enter judgment accordingly.

Because Plaintiff is no longer the prevailing party, Plaintiff's Motion for Permanent Injunction [DE 322], Motion for Bill of Costs [DE 324], and Motion for Attorney Fees [DE 325] are DENIED AS MOOT. Defendant's Motion to Stay Execution [DE 327] and Motion for Reconsideration re: Proffer of Testimony [DE 331] are also DENIED AS MOOT.

SO ORDERED, this 27 day of March, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE