IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CV-478-BO

| | | |
|---|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| VON DREHLE CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

This cause comes before the Court following remand from the court of appeals. In accordance with the mandate, the jury verdict entered in this matter in favor of plaintiff is hereby REINSTATED. The Court next considers plaintiff's request for permanent injunction, as well as plaintiff's motion for attorneys fees, pre-judgment interest, and treble damages and motion for bill of costs. The Court also considers defendant's motion to stay. A hearing was held on these matters before the undersigned on July 10, 2013, at Elizabeth City, North Carolina. For the reasons discussed below, plaintiff's motions are granted and defendant's motion is denied.

## I. Permanent Injunction

Plaintiff's motion for permanent injunction is granted. When, as here, a violation of the Lanham Act has been established, a court may, according to the principles of equity, grant an injunction to prevent the violation of a party's trademark rights. 15 U.S.C. § 1116(a). "[T]he party seeking the injunction must demonstrate that (1) it has suffered an irreparable injury; (2) remedies available at law are inadequate; (3) the balance of the hardships favors the party seeking the injunction; and (4) the public interest would not be disserved by the injunction." *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 126 (4th Cir. 2011) (citing *eBay, Inc. v.*

*MercExchange,* 547 U.S. 388, 391 (2006)).

Plaintiff has satisfied the *eBay* factors. The evidence presented at trial demonstrated that plaintiff suffered irreparable injury to its trademark and the reputation of its enMotion brand by defendant's infringing activities, which prevented plaintiff from controlling the quality of paper towels dispensed from its enMotion dispensers and further confused and deceived customers. *See Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 273 (4th Cir. 2002) (presumption of irreparable injury upon showing of confusion). The jury award is inadequate as it would not prevent defendant from continue to infringe in the future, policing defendant's sales of its paper towels would be onerous, and defendant has asserted throughout that its actions did not constitute trademark infringement. *See Lewis v. S.S. Baune*, 534 F.2d 1115, 1124 (5th Cir. 1976) (irreparable injury and no adequate remedy at law "often indistinguishable"); *Rebel Debutante LLC v. Forsythe Cosmetic Grp., Ltd.*, 799 F. Supp. 2d. 558, 568 (M.D.N.C. 2011) (difficulty in monitoring for infringement and defendant's assertion that its use does not constitute infringement weighs in favor of injunctive relief). The balance of hardship favors plaintiff as defendant's activities have been found to have infringed plaintiff's trademarks and defendant has no "equitable interest in perpetrating [trademark infringement]." *PBM Prods.*, 639 F.3d at 127. Finally, the public interest is best served by a permanent injunction that would prevent further trademark infringement. *Id.*

Based on the jury verdict and the foregoing, it is hereby ordered that a permanent injunction be entered as follows:

> Plaintiff has protected trademark rights enforced by this permanent injunction in its enMotion, Georgia-Pacific, GP, and Hand Design marks. The protected trademark rights include the right of plaintiff to enforce the use of only their paper

2

towel products in their enMotion dispensers. Defendant is hereby ENJOINED from interfering directly or indirectly with plaintiff's trademark rights, and any deliberate or purposeful placement of defendant's paper towels in plaintiff's enMotion dispensers shall constitute a violation of this permanent injunction. Defendant shall notify each of its distributors of this injunction, and shall file with the Court a report affirming its compliance with this injunction within thirty days of its entry.

## II.     Treble Damages, Attorneys' Fees, and Pre-Judgment Interest

Plaintiff's requests for treble damages, attorneys' fees, and pre-judgment interest are allowed.

A.     Treble Damages

The Lanham Act provides that

> In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a). The jury has awarded plaintiff $791,431 in damages. Trebling of damages is appropriate when there has been a finding of willful or intentional infringement. *Larsen v. Terk Techs. Corp.*, 151 F.3d 140, 150 (4th Cir. 1998) (treble damages not an abuse of discretion where infringement is willful and intentional). The evidence adduced at trial provides a sufficient basis from which the Court can find that defendant willfully and intentionally engaged in contributory trademark infringement such that an award of treble damages is appropriate. For example, Steven von Drehle testified that von Drehle's 810B towels were specifically designed to fit the enMotion dispenser and that he knew that 810B towels would be stuffed into plaintiff's enMotion dispenser. As the jury in this matter has concluded that such action constitutes

3

contributory trademark infringement, the Court finds that defendant's infringement was willful and intentional. Accordingly, the Court in its discretion and in light of the facts and circumstances of this case, awards plaintiff treble damages totaling $2,374,293.

B. Attorneys' Fees

In light of its finding of willful and intentional infringement, the Court further holds that this is an exceptional case warranting an award of reasonable attorneys' fees to the prevailing party. *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 432, 441 (4th Cir. 2011) (willful and deliberate infringement a basis upon which to find case exceptional); *People for the Ethical Treatment of Animals v. Doughney*, 253 F.3d 359, 370 (4th Cir. 2001) (exceptional case where conduct was malicious, fraudulent, willful, or deliberate); *Scotch Whisky Ass'n v. Majestic Distilling Co.*, 958 F.2d 594, 599 (4th Cir. 1992). Indeed, where it has been found that a party's trademark infringement is intentional, failing to award attorneys' fees may constitute an abuse of discretion. J. THOMAS MCCARTHY, 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30:100 (4th ed.). Though defendant argued that its actions adhered to industry standards and did not constitute infringement, the jury in this matter concluded otherwise. Accordingly, the Court is satisfied that this is an exceptional case and in its discretion determines that an award of attorneys' fees to plaintiff is appropriate.

Plaintiff's requested amount of $2,225,782.35 in attorneys' fees is reasonable. In order to determine the amount of reasonable attorneys' fees, the Court calculates the lodestar amount by multiplying the reasonable number of hours spent by a reasonable rate. *Robinson v. Equifax Info. Services, LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In determining what constitutes a rate and

4

number of hours that are reasonable, the Court has considered the relevant *Barber* factors,[1] particularly the time and labor expended, the customary fee for like work, and the experience of the attorneys involved. *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (adopting the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

In regard to the amount of attorneys' fees, defendant's opposition is based only on its contention that the fees requested are not adequately broken down and that the outside attorneys who have submitted affidavits regarding customary fees work for a law firm that has represented plaintiff in other suits. As noted by plaintiff, plaintiff's affidavits do sufficiently break down work and record non-recoverable fees, and the outside attorneys who provided affidavits have no connection with this matter and are otherwise reasonably situated to provide their opinions as to prevailing market rates and the appropriateness of plaintiff's fee request. Absent any further objection as to the reasonableness of plaintiff's fee request, and having conducted its own review of the fee request and the *Barber* factors, the Court holds that plaintiff's requested attorneys' fees are reasonable and that no lesser amount should be awarded in light of unsuccessful claims or plaintiff's degree of success. *Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008) (citation omitted).

---

[1] (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

C. <u>Pre-judgment Interest</u>

The Court in its discretion further awards pre-judgment interest, *see e.g. Am. Honda Motor Co., Inc. v. Two Wheel Corp.*, 918 F.2d 1060, 1064 (2nd Cir. 1990) (prejudgment interest appropriate in exceptional case under the Lanham Act), and finds that the North Carolina rate of pre-judgment interest is appropriate. *Quesinberry v. Life Ins. Co. of North America*, 987, F.2d 1017, 1030-31 (4th Cir. 1993). As provided by N.C. Gen. Stat. § 24-1, the legal rate under North Carolina law is eight percent. Accordingly, the Court awards plaintiff pre-judgment interest at eight percent for a total amount of $204,450.

**III. Costs**

Plaintiff's bill of costs in the amount of $82,758.16 is allowed. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs should be awarded to the prevailing party, and a court may tax costs for clerk fees, transcript fees, printing and witness fees, copy fees, docket fees, and expert fees. 28 U.S.C. § 1920. Plaintiff has provided sufficiently detailed documents in support of its request, and has clarified any discrepancies or lack of detail in its response to defendant's memorandum. Plaintiff has further reduced its requested costs as a result of defendant's challenges, including its request for document repository as well as ASCII and CD burn costs.

Turning to defendant's remaining challenges to plaintiff's requested costs, the Court finds them to be without merit. Plaintiff's costs for service by private process servers are not excessive and are recoverable. *Arista Records LLC v. Gains*, 635 F. Supp. 2d 414, 418-19 (E.D.N.C. 2009). Plaintiff's costs for both transcripts and the handling and delivery of transcripts are reasonable under § 1920(2). *See Kennedy v. Joy Techs.*, 484 F. Supp.2d 502, 504 (W.D.Va.

6

2007). Regarding copy costs, "the plain language and weight of authority establish that the costs of exemplifications and copies in discovery are taxable under § 1920(4)," *Country Vintner of N. Carolina, LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249 (4th Cir. 2013), and the Court in its discretion allows plaintiff to recover costs for its demonstrative exhibits used at trial as both necessary and reasonable. *See e.g. Irwin Indus. Tool Co. v. Worthington Cylinders Wisconsin, LLC*, No. 3:08cv291, 2010 WL 3895701 *5 (W.D.N.C. Oct. 1, 2010) (exercising discretion in denying demonstrative exhibit costs deemed not to be necessary or reasonable). The Court declines to reduce plaintiff's costs in light of defendant's other general challenges as defendant has cited no authority nor provided an adequate showing why such costs should not be recovered.

**IV. Stay**

Finally, defendant's motion to stay entry or execution of judgment pending its petition for certiorari in the Supreme Court is denied because defendant has not justified its request for stay by clear and convincing circumstances that would outweigh the potential harm to plaintiff in not effectuating its jury verdict and judgment. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). Defendant contends that a stay would spare defendant and its distributors from the expense of other litigation should the decision of the court of appeals be overturned, and cites specifically to its argument regarding the effect of the judgments of the Sixth and Eighth Circuits in related litigation. The mere possibility that plaintiff may rely on this judgment in other proceedings going forward is an insufficient basis on which to justify a stay in this matter as "[b]urdens are inevitable for all parties in litigation as complex as here involved." *Id.* at 128.

7

## CONCLUSION

For the foregoing reasons, the jury verdict in this matter [DE 319] is REINSTATED and plaintiff's renewed motion for permanent injunction [DE 374] is GRANTED. A permanent injunction is hereby ENTERED in accordance with this order. Plaintiff's renewed motion for reasonable attorneys' fees, pre-judgment interest, and treble damages [DE 383] is GRANTED. Plaintiff is awarded $2,225,782.35 in attorneys' fees, $204,450 in pre-judgment interest, and $2,374,293 in damages. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961(a). Plaintiff's renewed bill of costs in the amount of $82,758.16 [DE 386] is ALLOWED.

Defendant's motion to stay [DE 372] is DENIED. Defendant's motion for attorneys fees [DE 355], motion for bill of costs [DE 357], and motion for extension of time [DE 379] are DENIED AS MOOT. The clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this ___ day of July, 2013.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE